```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CHERYL MARTIN-SMITH,

                        Plaintiff,           10-CV-6610

            v.                                **DECISION
                                              and ORDER**
WILSON COMMENCEMENT PARK,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff, Cheryl Martin-Smith ("Plaintiff"), filing pro se, brings this action against her former employer, Defendant Wilson Commencement Park[1] ("Defendant"). Plaintiff alleges that Defendant wrongfully terminated her employment, resulting in pain, suffering, and economic hardship. (Dkt. No. 1 at 1). Plaintiff now moves the Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"). (Dkt. No. 5 at 3).

Defendant has not opposed the instant motion, and, after Plaintiff filed this motion, submitted an untimely Answer to Plaintiff's Complaint. (Dkt. No. 7). In its Answer, Defendant denies Plaintiff's allegations and states that all actions taken concerning Plaintiff's employment were for "legitimate, non-discriminatory reasons." Id. at 7. For the reasons set forth below, this Court finds that Plaintiff is not entitled to judgment as a matter of law. Accordingly, Plaintiff's motion for summary judgment is denied.

---

[1] In its Answer, Defendant notes that it was "incorrectly sued as Wilson Commencement Park," and identifies its legal name as "Wilson Commencement Park, Inc." (Dkt. No. 7 at 1).

## BACKGROUND

Plaintiff worked as a Staff Accountant for the Defendant in Rochester, New York.[2] (Dkt. No. 1 at 1). Plaintiff states that, on August 18, 2009, she was confronted by the following Wilson Commencement Park employees: the company's CEO, a Life Coach, the Director of Programs, and the Director of Finance & Administration (Plaintiff's supervisor). (Dkt. No. 1 at 3). The "confrontation" concerned a conversation Plaintiff had engaged in with another employee, purportedly concerning "confidential or proprietary information." Id. Plaintiff admits that she engaged in the conversation, but states that she never divulged anything that was not "public knowledge." Id.

Following the confrontation, Defendant terminated Plaintiff's employment. Plaintiff complains that she was "fired for a conversation with another employee," and that the action has negatively affected her livelihood, family, and finances. Id. at 4. Plaintiff states that she was officially terminated for: (1) "disclosing or making available to unauthorized persons any confidential or proprietary information" and (2) "negligence or carelessness." Id. at 3. Plaintiff claims that these reasons were "fabricated and a way to fire me for personal reasons not

---

[2]The facts contained in this Court's discussion include facts contained in Plaintiff's Complaint filed with this Court, in addition to facts alleged in a narrative attached to Plaintiff's Complaint (originally filed with the New York State Division of Human Rights) as an affidavit submitted by the Plaintiff, all of which were submitted in connection with this motion.

professional or work-related." Id. Plaintiff additionally sets forth her own beliefs concerning her termination. Specifically, she believes that she was dismissed without notice or the knowledge of her supervisor. She believes that she was fired for upsetting the Director of Programs. Id.

Plaintiff's Complaint states that, as a result of this termination, she has been forced to relocate and obtain new employment and she lost custody of her son in the process. Id. at 1. Plaintiff also cites pain, suffering, humiliation, and economic hardship. Id.

Plaintiff filed an action with the New York State Division of Human Rights on August 24, 2009. Plaintiff also filed a claim with the U.S. Equal Opportunity Commission ("EEOC"), which closed its file on Plaintiff's charge on August 3, 2010, citing as reason that it "has adopted the findings of the state or local fair employment practices agency that investigated this charge." Id. at 6-7. Defendant, in its Answer, states that Plaintiff's Plaintiff's "SDHR/EEOC claim was properly dismissed for lack of probable cause as [to] any and all actions taken by Defendant...." (Dkt. No. 7 ¶ 7).

Plaintiff filed this pro se action in forma pauperis on October 27, 2010. Id.; see also Dkt. No. 2. Defendant failed to file a timely answer, and Plaintiff moved for summary judgment on June 2, 2011. See Dkt. No. 5. Defendant did not oppose summary

3

judgement, but filed an untimely Answer to Plaintiff's original Complaint on June 8th, 2011.  See Dkt. No. 7.

## DISCUSSION

### I. Standard of Review

Pursuant to Rule 56, a court may grant a motion for summary judgment if the moving party demonstrates "that there is no genuine issue as to any material fact" and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  To be entitled to judgment as a matter of law, Plaintiff must "come forward with evidence to allow a reasonable jury to find in [her] favor" on each of the elements of [her] prima facie case. See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir.2001); Celotex Corp. v. Catrett, 477 U.S. 317, 325-7 (1986).

In support of her motion, Plaintiff relies solely on the pleadings and her own affidavit, which reiterates certain statements in the pleadings.  Because Plaintiff is proceeding pro se, this Court reviews and construes her Complaint liberally, interpreting it to raise the strongest arguments it suggests. Davidson v. City of New York, 10 Civ. 4938, 2011 U.S. Dist. LEXIS 62483, at *4 (S.D.N.Y., June 7, 2011)(citing Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 145-6 (2d Cir. 2002).

Here, Plaintiff has failed to even state a claim upon which she could obtain relief, let alone provide this Court with evidence sufficient to entitle her to judgment as a matter of law.  While Plaintiff's Complaint contains a detailed narrative of the events

that allegedly led to her termination, as well as the difficulties she has experienced since losing her job, her Complaint simply does not state a claim upon which relief can be granted.

Plaintiff states in her Complaint that she felt her termination was "discrimination." However, she does not allege that she suffered discrimination on behalf of her age, sex, disability, race, national origin, or any other characteristic for which a legal remedy exists under Title VII, 42 U.S.C. § 2000(e); the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq.; the Genetic Information Nondiscrimination Act; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq.; or any other relevant employment discrimination law. Nor does Plaintiff suggest that Defendant's decision to terminate her arose from a discriminatory animus related to any such characteristic. Indeed, Plaintiff simply finds issue with the grounds for her termination and states in her Complaint that Defendant terminated her because of an allegedly innocuous conversation she had with a co-worker. (Dkt. No. 1 at 3).

In the instant motion, Plaintiff cites generic language contained in her EEOC Notice of Rights. (Dkt. No. 5 at 3; see also Id. at 4). However, citing this language in the instant motion does not amount to stating a claim. Further, even if Plaintiff had originally alleged claims under the aforementioned acts in her Complaint, she would still be unsuccessful in the instant motion because she does not allege any facts that suggest discrimination

on the basis of disability, age, genetic information, or membership in a protected class under Title VII.  Without such allegations, Plaintiff is unable to establish a prima facie case of employment discrimination.  See Anderson v. Hertz Corp., 507 F.Supp.2d 320, 327 (S.D.N.Y. 2007)("under the applicable framework [for state and federal employment discrimination actions], the plaintiff bears the minimal initial burden of establishing a prima facie case of discrimination through direct or circumstantial evidence.").  As such, I find that Plaintiff has not stated a claim, and therefore is not entitled to judgment as a matter of law.  Accordingly, Plaintiff's motion for summary judgment is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for summary judgment is hereby denied.

**ALL OF THE ABOVE IS SO ORDERED.**


                                    s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                                 United States District Judge

Dated:   Rochester, New York
         July 29, 2011