```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
CHERYL MARTIN-SMITH,

                      Plaintiff,          10-CV-6610

      v.                                 **DECISION**
                                                       **and ORDER**

WILSON COMMENCEMENT PARK, INC.,

                      Defendant.
_____

Plaintiff, Cheryl Martin-Smith ("Plaintiff"), brings this action *pro se*, alleging that she was unlawfully terminated by her former employer, Wilson Commencement Park, Inc. ("Defendant").[1] After Defendant failed to timely Answer the Complaint, Plaintiff filed a Motion for Summary Judgment, which this Court denied on July 29, 2011, because Plaintiff failed to establish a prima facie case of employment discrimination.  Specifically, the Court found that Plaintiff had neither alleged in her Complaint nor provided evidence to support a claim for employment discrimination based on any characteristic protected under any relevant anti-discrimination law (for example, sex, race, national origin, religion, age, or disability). (Docket No. 13.) Plaintiff has not moved to amend her Complaint to cure this defect.

Defendant, just prior to this Court's July 29 Decision and Order, Answered the Complaint, denying all allegations and asserting, *inter alia*, that Plaintiff failed to state a cause of action against the Defendant. (Docket No. 9.) Defendant now moves to dismiss Plaintiff's

---

[1]The Court assumes familiarity with the facts of this case as set forth in its previous Decision and Order denying Plaintiff's Motion for Summary Judgment. (Docket No. 13.)

1

Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)") based on her failure to plausibly allege a cause of action under any known anti-discrimination law.  Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is hereby dismissed.

"To survive a Rule 12(c) motion, plaintiff['s] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3 150, 160 (2d Cir. 2010).  To plausibly state a claim for employment discrimination, Plaintiff must allege, *inter alia*, that she suffered discrimination based on some characteristic that is protected by federal or state anti-discrimination laws.  Plaintiff alleges that she was wrongfully terminated after she was accused of divulging confidential information about one co-worker to another co-worker.  She does not allege, nor can this court infer from the contents of the Complaint, that her termination was a pre-text for unlawful discrimination based on a protected characteristic.  Accordingly, this Court finds that Plaintiff has not plausibly alleged a cause of action for employment discrimination and her Complaint is dismissed.

**ALL OF THE ABOVE IS SO ORDERED.**


                                             s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                   United States District Judge

Dated:    Rochester, New York
          November 16, 2011